844

Ramon RIVERA–GUTIERREZ, aka
Ramon Gutierrez Rivera,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–71729.

Agency No. A14–588–972.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 13, 2005.

Carlos Vellanoweth, John Wolfgang Ge-hart, Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ernesto H. Molina, Jr., Anthony C. Payne,DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM**

Ramon Rivera–Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen his removal proceedings, in which he applied for cancellation of removal. We have ju-risdiction pursuant to 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Singh v. INS,* 213 F.3d 1050, 1052 (9th Cir.2000), we deny the petition for review.

In its order dismissing Rivera–Gutier-rez's appeal, the BIA stated that "there is no evidence that the respondent cannot receive . . . medication or medical atten-tion in Mexico." The order under review repeats that "the respondent has failed to show that medical treatment to treat his diabetic condition is unavailable to him in Mexico." It was within the BIA's discre-tion to require evidence of the alleged inferior care that Rivera–Gutierrez would receive in Mexico. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen pro-ceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary materi-al.").

Absent this evidence, the BIA did not act arbitrarily, irrationally, or contrary to law in concluding that the motion to re-open did not establish Rivera–Gutierrez's prima facie eligibility for cancellation of removal, as its contents do not "reveal[ ] a reasonable likelihood that the . . . require-ments for relief have been satisfied." *Or-donez v. INS,* 345 F.3d 777, 785 (9th Cir. 2003) (quoting *In re S–V–,* 22 I. & N. Dec. 1306 (BIA 2000) (en banc)). In these cir-cumstances, the BIA did not abuse its discretion, or commit a due process viola-tion, by denying reopening and a further hearing before the Immigration Judge.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.